UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00347-GNS-RSE

TIMOTHY A. WARD                                                                                       PLAINTIFF

v.

BLUE CANYON PROPERTY MANAGEMENT LLC;
and MADRID KY, LLC                                                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (DN 22), Plaintiff's Motion to Strike (DN 28), and Defendants' Motion for Status Conference (DN 33). The motions are ripe for adjudication.

### I.       BACKGROUND

Plaintiff Timothy Ward ("Ward") rented an apartment owned by Defendants Blue Canyon Property Management LLC ("Blue Canyon") and Madrid KY, LLC ("Madrid") (collectively, "Defendants") beginning on April 8, 2024. (Am. Compl. ¶¶ 2, 5, DN 19; Lee Aff. ¶ 3, DN 22-2). Ward alleges he has the medical conditions of advanced congenital heart failure, high blood pressure, diabetes, and PTSD. (Am. Compl. ¶ 6). In May 2024, Ward verbally requested that Defendants permit him to pay his rent after he received his monthly Social Security Disability payment. (Defs.' Reply Mot. Summ. J. Ex. 1, at 2-3, DN 25-1). Defendants denied this accommodation request and explained that Ward had already agreed to the terms of the lease when he signed the lease, and had failed to pay any rent after the first prorated month. (Lee Aff. ¶¶ 6, 8; Lee Aff. Ex. 2, DN 22-2; Defs.' Mot. Summ. J. Ex. 2, at 1, DN 22-1).

Ward filed this action *pro se* asserting claims under the Fair Housing Act ("FHA") and the Kentucky Civil Rights Act ("KCRA") because of Defendants' refusal to honor his request for an accommodation.[1] (Am. Compl. 4). Defendants have filed a motion for summary judgment on these claims, and Ward has filed a Motion to Strike Defendants' Reply in Support of Motion for Summary Judgment. (Defs.' Mot. Summ. J., DN 22; Pl.'s Mot. Strike, DN 28). Ward also served interrogatories and a deposition by written questions on Patricia Lee ("Lee"), the property manager for Blue Canyon who is not a party in this case. (Pl.'s Deps. Written Questions Lee, DN 26; Lee Aff. ¶ 2).

## II. JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because a federal question is presented. The Court has supplemental subject matter jurisdiction over the state law claims arising from the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## III. DISCUSSION

### A. Motions for Summary Judgment

When reviewing a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th

---

[1] In the Amended Complaint, Ward states Defendants violated the Americans with Disabilities Act ("ADA"), but he does not assert a cause of action under the ADA. (Am. Compl. ¶ 1). Neither party addresses the ADA in their subsequent filings. As such, the Court will not analyze Ward's claims under the ADA.

2

Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment[,] the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### 1. Chapter 7 Bankruptcy Case

Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1) (the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). Thus, a trustee, as the representative of the bankruptcy estate,

is the proper party in interest and is the only party with standing to prosecute causes of action belonging to the estate.  11 U.S.C. § 323; *Barger*, 348 F.3d at 1292.

Blue Canyon initially raised a standing argument because of Ward's filing of a bankruptcy case.  (Defs.' Mem. Supp. Mot. Summ. J. 5-7).  It later presented notice to the Court that Ward's bankruptcy case was dismissed and conceded that its arguments for standing under the bankruptcy case were no longer applicable, but that the other arguments in their motion for Summary Judgment remain viable.  (Defs.' Notice Bankr. Proceedings 1, DN 31; Defs.' Notice Bankr. Proceedings Ex. A, at 1, DN 31-1).  Ward has indicated he intends to file an appeal to the Order dismissing his bankruptcy case, but as of now Ward has no pending Chapter 7 bankruptcy case.  Thus, he has standing to bring his case before this Court.  (Pl.'s Resp. Bankr. Issue 1, DN 32).

### 2.  *FHA*

The Fair Housing Act (FHA) "prohibits discriminatory housing practices and discriminatory advertising practices for housing."  *Hous. Opportunities Made Equal, Inc. v. Cincinnati Enquirer, a Div. of Gannett Co.*, 943 F.2d 644, 652 (6th Cir. 1991).  The evaluation of a claim under the FHA utilizes the three-part burden of proof shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under the *McDonnell Douglas* test, a plaintiff must first establish a prima facie case of discrimination.  *Id*. at 802.

A plaintiff must demonstrate the following elements in order to succeed on a disability discrimination claim for failure to accommodate:  (1) the plaintiff has a disability; (2) the defendant knew or reasonably should have known about the disability; (3) the accommodation may be necessary to have an equal opportunity to use and enjoy the dwelling; (4) the accommodation is a reasonable accommodation; and (5) the defendant refused to make this reasonable accommodation.  *See Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 621 (6th Cir.

4

2011) (citation omitted); *see also Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014).

A modification should be deemed reasonable if it "imposes no fundamental alteration in the nature of a program or undue financial and administrative burdens." *Hollis*, 760 F.3d at 541-42 (internal quotation marks omitted) (citations omitted). Reasonable accommodation claims under the FHA do not require proof of discriminatory intent. *Id.* at 540. Courts have also recognized FHA claims that fail to link a denied accommodation to a disability do not survive summary judgment. *Lee v. A & W Pritchard Enters., Inc.*, No. 3:07-CV-514-H, 2010 WL 561585, at *3 (W.D. Ky. Feb. 10, 2010) (citations omitted); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 276 (2d Cir. 2003) ("[T]he ADA and Rehabilitation Act are addressed to 'rules . . . that hurt [people with disabilities] *by reason of their handicap*, rather than that hurt them solely by virtue of what they have in common with other people.'" (alteration in original) (citation omitted)). The necessity element is "a causation inquiry that examines whether the requested accommodation or modification would redress injuries that otherwise would prevent a disabled resident from receiving the same enjoyment from the property as a non-disabled person would receive." *Anderson v. City of Blue Ash*, 798 F.3d 338, 361 (6th Cir. 2015) (citation omitted). In essence, "[t]o prevail on his failure-to-accommodate claim, [a] [p]laintiff must demonstrate that the requested accommodation was necessary to afford him an equal opportunity to use and enjoy his dwelling." *Ali v. Louisville Metro Hous. Auth.*, No. 3:22-CV-463-CHB, 2023 WL 4564779, at *10 (W.D. Ky. July 17, 2023) (citing *Overlook Mut. Homes*, 415 F. App'x at 621). A housing entity may request information to evaluate whether an accommodation may be necessary. *Id.*

Once a plaintiff establishes a prima facie case, a mandatory presumption of unlawful discrimination is created and the burden shifts to the defendant to articulate a legitimate,

5

nondiscriminatory reason for the housing decision. *Id.*; *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 634 (6th Cir. 2000). If the defendant provides a legitimate, nondiscriminatory reason, the burden then shifts back to the plaintiff to show by a preponderance of the evidence that the defendant's proffered reason is merely pretextual. *Selden Apartments v. U.S. Dep't of Hous. & Urb. Dev.*, 785 F.2d 152, 160 (6th Cir. 1986).

Defendants first contend that Ward has not established a prima facie case because he has not connected his requested accommodation to his disability nor was his request reasonable or necessary. (Defs.' Mem. Supp. Mot. Summ. J. 7-13). Ward alleges that his medical conditions of advanced congenital heart failure, high blood pressure, diabetes, and PTSD constitute a disability. (Am. Compl. ¶ 6). Ward further submits that he requested a reasonable accommodation of being able to pay his rent after his Social Security disability checks were received which he communicated directly to Defendants, and was denied. (Am. Compl. ¶¶ 6-10). Ward does not provide evidence that Defendants knew or should have known of his disabilities, but Defendants do not contest this element of Ward's claim. Therefore, these elements of his prima facie case are not at issue. *Overlook Mut. Homes*, 415 F. App'x at 621.

Under the causation-driven analysis of the "necessary" element, Ward does not adequately describe how the Defendants' refusal to accept a later rent payment is a discriminatory action on the basis of his disabilities. *Anderson*, 798 F.3d at 361 (citation omitted). Ward receives a monthly Social Security Disability payment because of his disability but the timing of when the rent payment is due, particularly where the parties entered into the lease agreement prior to Ward's request for an accommodation, lacks a nexus to discrimination on the basis of disability. (*See* Am. Compl. ¶ 9; Lee Aff. ¶ 3). In both his Complaint and response, Ward has failed to articulate why Defendants' refusal to accept rent payments on a different date discriminated on the basis of his

medical conditions and how Defendants' refusal specifically makes Ward's enjoyment of his apartment different from someone who did not have his same medical conditions. *Anderson*, 798 F.3d at 361 (citation omitted).

Ward also does not directly address how his accommodation is "reasonable" or "necessary" under his FHA claim. When an accommodation goes against a previously agreed upon policy or the plaintiff's past conduct has created hardship or conflict, an accommodation can be unreasonable. *See Ali*, 2023 WL 4564779, at *1, *9 (holding an accommodation to have a support dog off-leash was unreasonable when it violated community policy and the dog had a history of aggressive behavior with staff and other animals). Ward agreed to the terms of the lease in April 2024, asked for the accommodation in May 2024, but did has not paid *any* rent after the initial lease payment. (Lee Aff. ¶¶ 8, 10; Lee Aff. Ex. 2; Defs.' Mot. Summ. J. Ex. 2, at 1). Ward does not allege how the accommodation is reasonable or necessary in light of these circumstances.

Even if Ward was able to establish a prima facie case, Defendants have demonstrated a legitimate, non-discriminatory reason for denying Ward's requests for accommodations, and Ward has failed to properly contest that Defendants' proffered non-discriminatory reason was pretextual. (Pl.'s Resp. Defs.' Mot. Summ. J. 1-3, DN 24). Defendants allege Ward has failed to pay rent in the past, and this failure to pay rent provides a legitimate, nondiscriminatory reason to deny his request. *Ward v. Dickens*, No. 3:11CV-362-H, 2012 WL 1038184, at *3-4 (W.D. Ky. Mar. 27, 2012) (citations omitted) (citing various cases granting summary judgment on the basis that failure to pay rent was legitimate, non-discriminatory reason for eviction); (Lee Aff. ¶¶ 6, 8; Lee Aff. Ex. 2; Defs.' Mot. Summ. J. Ex. 2, at 1).

It is incumbent upon Ward to show that Defendants' proffered reason is a pretext that masks discrimination, but he ultimately fails to provide evidence of pretext. *See Selden*

7

*Apartments*, 785 F.2d at 160.  Ward, instead, asserts that discovery has not concluded, and his recording of Lee, a non-party, conflicts with Defendants' discovery responses because it proves Defendants will not rent to individuals who collect Social Security benefits.  (Pl.'s Resp. Defs.' Mot. Summ. J. 3; Pl.'s Deps. Written Questions Lee, DN 26).  In his response, Ward claims that Lee is recorded stating Defendants do not rent to individuals who receive Social Security Disability assistance.  (Pl.'s Resp. Defs.' Mot. Summ. J. 3).  However, in the provided recording, Lee explained that potential tenants receiving Social Security assistance must still make more than three times the cost of rent, which is a guideline that applies to all renters.  Lee stated this rule also applies to those who rent with Section 8 housing assistance.  (Pl.'s Resp. Defs.' Mot. Summ. J. Ex. D, at 3:20-3:40, DN 24-4).  Thus, Lee's comments do not establish pretext.

A court may grant summary judgment without additional time for discovery when "further discovery would not have changed the legal and factual deficiencies we have already noted in the [plaintiff's] claims . . . ." *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996).  In a similar case on a motion for summary judgment on a disability discrimination case in housing, a court found that an extensive discovery phase was not required for a plaintiff to provide evidence of past rent payments, and the defendant had shown a demonstrated a legitimate, non-discriminatory reason for refusal when citing the plaintiff's failure to pay rent.  *Ward*, 2012 WL 1038184, at *11.  Discovery will not change the current legal and factual deficiencies in Ward's cause of action.[2]

---

[2] Ward sent interrogatories and a deposition by written questions to Lee as part of discovery.  (See Pl.'s First Set Interrogs. Lee, DN 12; Pl.'s Deps. Written Questions Lee, DN 26).  He argues that Lee failed to truthfully answer his interrogatories.  (Pl.'s Resp. Defs.' Mot. Summ. J. 3).  Defendants noted their objection to both the interrogatories and the deposition by written questions but still provided answers. (Defs.' Reply Mot. Summ. J. 2-3 nn.2-3).  "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1).  Fed. R. Civ. P. 33 is not applicable to Ward because he seeks answers from Lee, a non-party, and the rule only applies to interrogatories served on a party. *Id.*; *see Smith & Lee Assocs., Inc. v. City of Taylor*, 102 F.3d 781, 790 (6th Cir. 1996).  Courts

Therefore, Ward's claim under the FHA fails as a matter of law and will be dismissed.

### 3. *KCRA*

Defendants also seek summary judgment on Ward's KCRA claim. The Kentucky Supreme Court has interpreted the KCRA to be consistent with the standards of the ADA. *See Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003); *see also Brohm v. JH Props., Inc.*, 149 F.3d 517, 520 (6th Cir. 1998) ( "[T]he language of the Kentucky Civil Rights Act mirrors the language of [] the Americans with Disabilities Act . . . ."). In relevant part, the KCRA provides:

> It is an unlawful housing practice for a real estate operator, or for a real estate broker, real estate salesman, or any person employed by or acting on behalf of any of these:
> (1)   To refuse to sell, exchange, rent, or lease, or otherwise deny to or withhold, real property from any person because of race, color, religion, sex, familial status, disability, or national origin;
> (2)   To discriminate against any person because of race, color, religion, sex, familial status, disability, or national origin in the terms, conditions, or privileges of the sale, exchange, rental, or lease of real property or in the furnishing of facilities or services in connection therewith . . . .

KRS 344.360. The KCRA defines a disability as "(a) [a] physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual; (b) [a] record of such an impairment; or (c) [b]eing regarded as having such an impairment." KRS 344.010(4). "Discrimination means any direct or indirect act or practice of exclusion, distinction, restriction, segregation, limitation, refusal, denial, or any other act or practice of differentiation or preference in the treatment of a person or persons . . . ." KRS 344.010(5).

---

have held that serving interrogatories on a non-party is inappropriate. *Davis v. Cox*, No. 2:18-CV-11255, 2019 WL 1783066, at *8 (E.D. Mich. Mar. 29, 2019) (citations omitted). Even assuming the interrogatories served on Lee were proper, Ward misquotes Lee as the basis for his allegations that Defendants do not rent to those who collect Social Security payments. (Defs.' Reply Mot. Summ. J. Ex. 1, at 1-4).

Because Kentucky's own discrimination statute mirrors the FHA, courts apply the same standard to disability discrimination claims arising under Kentucky law, the FHA, and the ADA. *See Lexington-Fayette Urb. Cnty. Hum. Rts. Comm'n v. Bradford Green, LLC*, No. 2018-CA-000132-MR, 2019 WL 1579602, at *2 (Ky. App. Apr. 12, 2019) (citations omitted); *McKee v. Sanders Rentals, LLC*, No. 2017-CA-000931-MR, 2018 WL 5778787, at *3 (Ky. App. Nov. 2, 2018) (citations omitted). When analyzing a KCRA claim for disparate treatment because of a disability, courts have applied the same burden-shifting framework as the FHA. *See Huelett v. Louisville Paving Co.*, No. 3:23-CV-00420, 2025 WL 552686, at *5 (W.D. Ky. Feb. 19, 2025).

For the reasons detailed above in the FHA analysis, Ward's claims are not viable because he has not met his burden even assuming he was able to establish a prima facie case. Ward's failure to pay his rent justified Defendants' eviction of him and was not discriminatory. Defendants' motion for summary judgment on Ward's KCRA claim, therefore, is granted.

### B. Plaintiff's Motion to Strike

Because Defendants' motion for summary judgment has been granted, the Court will deny Plaintiff's motion to strike as moot.

### C. Defendants' Motion for Status Conference

Because Defendants' motion for summary judgment has been granted, the Court will deny the motion as moot.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion for Summary Judgment (DN 22) is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

      2.      Plaintiff's Motion to Strike (DN 28), and Defendants' Motion for Status Conference (DN 33) are **DENIED AS MOOT**.

      3.      The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 28, 2025

cc: counsel of record
Plaintiff, *pro se*